Our next case is Riparius Ventures LLC v. Cisco Systems, Inc., 15-16-75. That case is consolidated for purposes of argument with Riparius Ventures LLC v. Cisco Systems, Inc., 15-17-57. And we have Mr. Foster, correct? Yes, Your Honor. Okay, you're the only person arguing today, and we've given you 20 minutes. I don't know if you would need all that time, but you've got 20 minutes. Thank you, Your Honor, and I will try to be brief. Good morning, and may it please the Court. The two cases here involve the reexamination of two patents that the patent office has concluded are obvious, and substantial evidence supports that conclusion. I'd like to highlight some of that since the other side is not here to discuss the case today. I'd like to highlight just some of the evidence that does support the office's judgment of obviousness. The common issue between these two cases, and the only issue in the appeal regarding the 481 patent, is whether the claims distinguish over devices that are built using components taken from a, quote, standard telephone, unquote. The appeal concerning the 371 patent also has issues relating to a written description rejection, and to the patent office's use of representative claims in deciding cases on appeal before the patent office. You can assume we've read the record and the briefs. Thank you, Your Honor. Turning to the first issue, Wright-Parris has argued that the claims require a unique and specialized device. Don't they also, in their preferred embodiment, specifically describe one embodiment in which they actually just modify a plain old telephone, a conventional telephone, and then they describe another embodiment in which they say it has an echo problem, and then they say you can avoid this echo problem by having this whole new device. So, it doesn't sound like much of a disclaimer, right? Because they've actually, while they sit there and they say that you don't want to have a plain old telephone, they go ahead then and they have a particular embodiment that they even describe as being part of their invention that uses a plain old conventional telephone. So, how can that be a disclaimer? I realize I'm just throwing this off the wagon. Thank you, Judge Stoll. Yes, I would agree with the general premise of your question. There is the description in column six of each patent of an embodiment of the invention that uses a slightly modified standard telephone circuit, and I believe because of that description it would appear that there was not an intention to disclaim devices built using standard telephone circuits. There's also a description in these patents of using standard 900 megahertz radios to enable the wireless communication between the handset and the base, and on that basis also I believe that there's no disclaimer of standard telephone components. And then also in the proceedings below before the Patent Trial and Appeal Board and before the examiner, there were arguments raised regarding an actual reduction to practice and the evidence put forward there by the patent owner related to modifying commercially available cordless telephones. So I think with all of that evidence, the board was certainly within, was correct to conclude that the claims are obvious over the art, which is similar and is using some components from standard telephones. Well, let's say that we agree with you on that, but what if I have a concern just about Claim 7 in the 1757 appeal? That's the one where the board said that Claim 7 was not argued separately. How do you respond to that? I mean, do we need to remand this for the board to consider Claim 7, or how would you point out to me that that has in fact been, where would you point to to show why that has not been considered or why the board was correct? And in particular, I look at page like A4228 and A4229, which I believe is the brief that was before the board in which Claim 7 is identified separately from Claim 1. Well, I would point first to the statement of the issue that the patent owner put before the board. And in the statement of the issue, they grouped Claim 7 with Claim 1. Where is that in the record? I do not have the direct citation with me on that. But in their statement of the issue before the board, they grouped the claims together. We noted that in our respondent brief, and we suggested that Claim 1, therefore, was an appropriate representative claim. And they did not contest that suggestion, and they did not mention Claim 7 in any way in their rebuttal brief. I would also point to the board's rules, such as 37 CFR 41.67 C1, which among other things, the board's rules in handling appellate cases requires appellants to identify any claims in a heading that are argued separately. And the patent owner in this case did not do that. There was no heading in their appeal brief highlighting a separate argument with respect to Claim 7. Well, there really wasn't anything more than a passing reference. That is correct. Claim 7 was only considered. I mean, if there was a full argument, and the first sentence could have been read as a heading, but it wasn't in boldface, I might have some problems with your argument. Well, I don't think that an argument was specifically developed for Claim 7 in their appeal brief. And so I don't think the board was wrong to understand that they were not arguing Claim 7 separately. All I'm saying is I think the board's citation of the reg was fair under the circumstances, but we'll leave for another day whether it ever gets anywhere else. Yes, and the patent owner has not directly challenged whether the board's rules regarding representative claims are themselves unfair. I understand their position that they feel that they were applied unfairly in this case. But the patent owner had their appeal. They got to choose their issues. They presented their arguments. They were not successful. I don't think that they get or a remand is necessary for them to come up with new arguments and to have a second appeal to the board. I don't think that's appropriate. And certainly it's not an efficient use of the board's time or this court's time to rehash arguments over and over and to always get another chance when the first set of arguments are not successful. There was also an issue raised specifically in the case involving the 371 patent regarding written description rejection. That rejection was not appealed by the patent owner. They appealed instead an enablement rejection, which they had actually overcome. So because they did not address the written description rejection of Claim 22 in their appeal brief, I believe that is way before this court. And they also did not appeal an obvious misrejection regarding Claim 22, which stands for rejected under Section 103 for obviousness. Because they didn't address that rejection, there's another uncontested ground of rejection for Claim 22, which basically moots the appeal of that claim. So I think a general affirmance is appropriate. That, then, is essentially all of the issues in these cases. If there are no further questions. There's no further questions. We thank you very much. Thank you.